UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS GUZMAN,<br><br>        Petitioner,<br><br>    v.<br><br>CALIFORNIA STATE PRISON CORCORAN,<br><br>        Respondent. | Case No.: 1:16-cv-00092-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 10)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE NAME OF PROPER RESPONDENT |

In this action, Respondent contends the petition for writ of habeas corpus was not filed timely. The Court agrees and recommends the petition be **DISMISSED**.

**I.     PROCEDURAL HISTORY**

The instant petition was filed on January 15, 2016.[1] On February 1, 2016, the Court ordered Respondent to file a response within sixty days. (Doc. 5). On April 1, 2016, Respondent filed the

---

[1] In Houston v. Lack, the Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing. Id., 487 U.S. 166, 276 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit applies the "mailbox rule" to state and federal petitions to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for Petitioner's state and federal petitions, the Court considers the date of signing of the petition (or the date of signing of the proof of service) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on January 15, 2016. (Doc. 1, p. 21).

instant motion to dismiss the petition as untimely. (Doc. 10). On May 4, 2016, Petitioner filed his opposition to the motion to dismiss. (Doc. 13). On June 20, 2016, Respondent filed a reply. (Doc. 16).

**II.    DISCUSSION**

    A.    <u>Procedural Grounds for Motion to Dismiss</u>

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

    B.    <u>Limitation Period For Filing Petition For Writ Of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on January 15, 2016, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins on the date that the petitioner's direct review became final.

Here, the Petitioner was convicted of second degree murder and assault with a firearm, along with a number of sentencing enhancements, and was sentenced to an indeterminate term of 42-years-to-life on June 9, 2008. (Lodged Document ("LD") 1). On January 27, 2010, the California Court of Appeal, Fifth Appellate District ("5th DCA"), affirmed the judgment on direct appeal. (LD 2). On April 14, 2010, the California Supreme Court denied the petition for review. (LD 4).

Direct review would therefore have concluded on July 13, 2010, when the ninety-day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have had one year from the following day, July 14, 2010, or until July 13, 2011, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on January 15, 2016, approximately four and one-half years after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state

court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

The documents included in the present record establish that Petitioner filed the following state habeas petitions: (1) petition filed in the 5th DCA on October 25, 2013, and denied on November 27, 2013 (LD 5, 6); (2) petition filed in the California Supreme Court on November 24, 2014 and denied on February 18, 2015 (LD 7, 8); (3) petition filed in the Fresno County Superior Court on June 15, 2015, and denied on July 8, 2015 (LD 9, 10); (4) petition filed in the 5th DCA on July 23, 2015, and denied on August 13, 2015 (LD 11, 12); and (5) petition filed in the California Supreme Court on September 14, 2015, and denied on December 16, 2015. (LD 13, 14).

None of the aforementioned state petitions, however, entitle Petitioner to any statutory tolling under the AEDPA. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Here, as mentioned, the limitations period expired on July 13, 2011, over two years *before* Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

A.   Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Petitioner contends that his retained counsel for filing his first state petition was ineffective, in violation of his due process rights and the right to effective assistance of counsel. Petitioner reasons that these circumstances entitle him to sufficient equitable tolling to make the petition timely.

Generally, attorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling to the 2244(d)(1) limitation period. Holland v. Florida, 560 U.S. at 651-652, 130 S.Ct. 2549; Randle v. Crawford, 604 F.3d 1047, 1058 (9th Cir. 2010); Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). However, attorney misconduct that is sufficiently egregious to meet the extraordinary misconduct standard can be a basis for applying equitable tolling. Spitsyn, 345 F.3d at 801. In Spitsyn, the attorney was retained a full year in advance of the deadline, but completely failed to prepare or file a petition even though the attorney was repeatedly contacted by both the client and the client's mother, and a grievance was filed with the state bar association complaining about the lack of response. Also, despite a letter terminating the representation and requesting the file, the file was not turned over until two months after the

expiration of the filing deadline. The conduct was held to be sufficiently egregious to warrant equitable tolling. Id. at 798, 801. It was still necessary, however, that the petitioner act with reasonable diligence. Id. at 802.

Here, counsel's negligent failure to timely file the first state habeas petition is not a basis for equitable tolling. See Holland, 560 U.S. at 651-652 ("garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling") (citations and quotation marks omitted); Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir.2003) ("ordinary attorney negligence will not justify equitable tolling"); Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir.2002) ("the miscalculation of the limitations period by ... counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling") (citation and quotation marks omitted); Frye v. Hickman, 273 F.3d at 1146 (denying equitable tolling based on counsel's negligence); Kawamoto v. Grounds, 2014 WL 2118159, *6 (E.D.Cal. May 21, 2014)(failure to file petition for review was simple negligence and did not constitute "abandonment"); Sanchez v. Holiday, 2012 WL 7187686, *2 (C.D. Cal. 2012)(denying equitable tolling for failure to file a timely petition for review); Williams v. Hartley, 2011 WL 3565115, *2 (C.D.Cal.2011) (denying equitable tolling when Petitioner was not "informed by his attorney of the need to comply with AEDPA's one-year statute of limitations"); Vijan v. Schriro, 2010 WL 5147994, *6 (D.Ariz.2010) (same); Hartman v. Smelosky, 2009 WL 3708796, *5 (C.D.Cal.2009) (same).

In reaching this conclusion, the Court notes that neither the petition nor the Traverse alleges gross negligence by Petitioner's retained attorneys on collateral review. Rather, Petitioner repeatedly argues that counsel was ineffective, thus depriving him of due process, under the Sixth and Fourteenth amendments. Petitioner's conflation of the separate and distinct concepts of ineffective assistance of counsel under the Sixth Amendment and the gross negligence standard under Holland is unsupported by case law and is also logically unpersuasive. While the parties may debate the particular details of when correspondence from counsel was sent to Petitioner, how frequently Petitioner urged counsel to file the petition, and the dates of filing of other state habeas petitions,[2] the relevant evidence shows that

---

[2] Although the parties sharply disagree regarding the chronology of habeas filings in state court following the initial filing on October 25, 2013, it does not appear to the Court that such disagreements are relevant, since the one-year period had

this was simple attorney negligence, not gross negligence. Indeed, the record establishes that retained counsel's representation, which included regular and consistent, if not frequent, communication about the case to Petitioner, could in no way be characterized as either express or implied "abandonment" of the client, as was the case in Spitsyn.[3]

Moreover, far from establishing due diligence on Petitioner's part, the record strongly suggests that Petitioner was not diligent in pursuing his state habeas claims. Equitable tolling applies only where a prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights. A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see also Miles, 187 F.3d at 1107. Thus, in addition to counsel's purported negligence, the Court must also consider Petitioner's diligence in pursuing his claims. As Respondent correctly points out, after the November 27, 2014 denial of the first state habeas petition, which apparently concluded Windmiller's representation of Petitioner, Petitioner waited almost a full year, i.e., 362 days, until November 24, 2015, to file his next state habeas petition. Not only does such a significant delay show a lack of diligence, it almost surely meant that any federal petition would be untimely, even if, somehow, Petitioner were awarded equitable tolling for the entire period of Windmiller's representation.[4]

///

---

already expired on July 13, 2011, and, as mentioned previously, a petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green, 223 F.3d at 1003.

[3] The petition includes a series of letters from state habeas counsel, Richard Windmiller, to Petitioner that span the time from the date Windmiller was retained on September 2, 2010 through August 13, 2012, the date of the last letter. (Doc. 1, Exh. 1-8). The first letter, dated November 15, 2010 discusses some of the problems involved in the case. (Ex. 2). Each subsequent letter appears to update Petitioner on Windmiller's progress in the case and difficulties he encountered, including a prior attorney's refusal to discuss the case with Windmiller without Petitioner's written authorization. (Ex. 8). Several letters acknowledge the shortness of time left to file the petition (Exs. 4 & 6), and one discusses an upcoming visit by Windmiller to Petitioner's prison. (Ex. 7). As mentioned, the operative one-year limitation period was from July 14, 2010 to July 13, 2011, a span of time during which all but one of these letters were written. Seven letters written to Petitioner in the span of eight months, all explaining or requesting information about various aspects of the petition and discussing counsel's efforts to investigate Petitioner's claims, can hardly be characterized as "abandonment" of the client. Moreover, another letter, dated August 13, 2012 (Ex. 8), shows that counsel was still working on the case, as evidenced by the fact that the state habeas was finally filed on October 25, 2013. Although this was well after the one-year period had expired, it is nevertheless relevant to show that counsel was still attempting to represent Petitioner, i.e., that he may have been negligent, but not grossly negligent.

[4] As mentioned, Petitioner waited 362 days until the filing of his second state habeas. Because such an excessive delay would foreclose interval tolling, Petitioner would not have been entitled to tolling between the denial of the first petition and the filing of the second one. Hence, he would have had only three days remaining on his one-year period after November 27, 2014. After the denial of his last state petition on December 16, 2015, Petitioner waited until January 15, 2016 to file the instant petition, a period of thirty days. Thus, under the most favorable interpretation of the AEDPA, i.e., assuming Petitioner's allegations of gross attorney negligence were true, and affording him all equitable tolling during Windmiller's representation, Petitioner's one-year period would still have expired on December 19, 2015, 27 days *before* he filed the instant petition.

**CONCLUSION**

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. at 418; Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons discussed above, the Court concludes Petitioner has not met his burden with respect to the tolling issue.  Thus, the petition is late, the motion to dismiss should be granted, and the case should be dismissed.

**SUBSTITUTION OF RESPONDENT**

In the motion to dismiss, Respondent points out that Petitioner has been transferred from Corcoran State Prison to Salinas Valley State Prison and therefore the name of the Respondent should be changed.  According, the Court will direct the Clerk of the Court to substitute the name of the proper Respondent, William Muniz.

**ORDER**

For the foregoing reasons, the Clerk of the Court is DIRECTED to substitute as proper Respondent the name of William Muniz, warden of Salinas Valley State Prison.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the motion to dismiss (Doc. 10), be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within 10 days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 25, 2016**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE